MERIWETHER *v.* THE JUDGE OF THE MUHLENBURG COUNTY COURT.

*(Circuit Court, D. Kentucky.  July 12, 1881.)*

1. "COUNTY COURT"—PARTICULAR STATUTE CONSTRUED.

The phrase "county court," as used in an act to amend the charter of the Elizabethtown & Paducah Railroad Company, approved February 24, 1868, does not mean a court composed of the county judge alone. So *held*, on a demurrer to a petition for the purpose of compelling a county judge alone to levy a tax on the property in his county, under the provisions of this act, to pay a judgment, which had been obtained against the county, on coupons for interest on county bonds issued to pay the county's subscription to said railroad's capital stock.

BARR, D. J.  The plaintiff obtained in this court a judgment against the county of Muhlenburg for the sum of $5,274.28, with interest from February 21, 1876.  This judgment was obtained on coupons which were for interest on bonds of the county of Muhlenburg, issued to pay a subscription of stock made by said county to the Elizabethtown & Paducah Railroad Company.  This petition is for the purpose of obtaining a *mandamus* to compel the county judge, T. C. Thompson, to levy a tax on the property in said county sufficient to pay plaintiff his judgment, and cause it to be collected. The county judge demurs to this petition, and the ground of the demurrer is that "the county court," in the meaning of the statute which authorizes the levy and collection of a tax to pay these bonds and interest, is the justices of the peace for said county and himself, and that he, sitting as a county court, without such justices, has no authority to make such levy.  This is an important question, and its solution depends solely upon the meaning of the phrase "county court," as used in the charter which authorized this subscription and the levy of a tax to pay the bonds and the interest as it accrued.

The ninth section of an act to amend the charter of the Elizabethtown & Paducah Railroad Company, approved February 24, 1868, provides—

"That in case any county, city, town, or election district shall subscribe to the capital stock of said Elizabethtown & Paducah Railroad Company, under the provisions of this act, and issue bonds for the payment of such subscription, it shall be the duty of the county court of such county  *  *  *  to cause to be levied and collected a tax sufficient to pay the semi-annual interest on the bonds issued, and all cost of collecting such taxes."

The county court in this state is, and was in 1868, usually held by the county judge.  He attended to all the judicial duties of the court, but the fiscal affairs of the county were ordinarily controlled and managed by a county court, which was composed of the presiding judge (county judge) and the justices of the peace in and for the county.  This latter court was sometimes called a "court of claims." This was its constitutional designation.

The thirty-seventh section, article 4, provides that—

"The general assembly may provide, by law, that justices of the peace in each county shall sit at the court of claims and assist in levying the county levy, and making appropriations only."

The capital C in "court of claims" has been dropped in printing both the Revised Statutes and the General Statutes, but it was used in the original official publication of the constitution.  Debates Kentucky Convention, 1097–1136.

The distinction between the "county court" proper and the "court of claims" was not clearly recognized by the legislature in the enactments made soon after the adoption of the constitution, and subsequent legislatures were still more indifferent to this distinction, and this increases the difficulty in arriving at the legislative meaning when it authorizes a "county court" to exercise powers or jurisdiction without designating who shall compose the court.

If the nature of the powers to be exercised is the test under the constitution whether the county court shall be held by the county judge or the county judge and the justices of the peace, we would not be much enlightened in this case; because, when the constitution says that the justices of the peace "may sit at the court of claims and assist in levying the county levy and making appropriations only," that did not, strictly construed, embrace a levy made for the payment of either the principal or interest of bonds issued for a subscription to a railroad company. The power to subscribe stock to a railroad, and levy a tax to pay the bonds issued for the stock, might be conferred by the legislature on a county court composed of the county judge alone, or the county judge and the justices of the county, or upon commissioners selected for that purpose.

The court of appeals, in the *Bowling Green & Madisonville Railroad Company Case*, 10 Bush, 714, decided "county court," as used in the charter of that company, meant the county judge and the justices of the peace. The ground of this decision was that the county court of Warren county was given a discretion of whether or not to submit the question of a subscription to the stock of the company to a vote of the people. The same court, in the case of *Logan County* v. *Caldwell*, MS. opinion of October, 1880, decided that the "county court," in the charter of Owensboro & Russellville Railroad Company, meant the county judge alone, acting as a court.

The ground of this decision was that the county court was not given an absolute discretion of whether or not the voice of the people of the county should be taken on the question of the county's subscription of stock to that road.

In the charter under consideration, the legislature has made no distinction in the language used when granting judicial powers, or those pertaining to the financial affairs of the county incident to this subscription, nor has the legislature given the county court a discretion of whether or not to submit the question of the subscription to the vote of the people of the county. Hence, this court, following the decision of the Kentucky court of appeals, and recognizing the

constitutional distinction between the county court and court of claims, would decide that county court, in this charter, meant a court held by the county judge alone, except for the fourth section of this charter.

This section enacts—

"That the person acting as sheriff at the several precincts shall return to the clerk of the county court, within three (3) days after the day of such election, the poll-books of their respective precincts, and on the next day thereafter the county judge and county clerk shall count the vote; and if it shall appear that the majority of those voting is in favor of the subscription of stock, as proposed, the county judge shall order the vote to be entered on the record, and the subscription to be made by the clerk on behalf of the county, on the terms specified in the order submitting the question to a vote."

The county judge is required to "order the vote to be entered on the record, and the subscription to be made," etc. This could be done only in the records of the county court, and the use of the words "county judge," in this connection, is inconsistent with the construction that "county court," as used in this charter, means merely the county judge acting as a county court.

Construing the entire act, and gathering from its provisions the legislative meaning in the use of the term "county court," I have concluded that it means a court composed of the county judge and the justices of the peace, and that, under this charter, the county judge alone cannot levy a tax to pay this judgment.

The demurrer will be sustained.